UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHEILA ANDRUS** | **CASE NO. 6:22-CV-04134** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFECO INSURANCE CO OF OREGON** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is "Safeco Insurance Company of Oregon's rule 12(b)(6) Motion to Dismiss (Doc. 17), wherein Defendant, Safeco Insurance, moves to dismiss Plaintiff's complaint, which alleges damages to her property located in Ville Platte, Louisiana. Plaintiff has not filed an opposition to the motion and the time for doing so has now lapsed.

### INTRODUCTION

On August 27, 2020, and October 9, 2020, Hurricanes Laura and Delta made landfall near Lake Charles, Louisiana. Plaintiff, Sheila Andrus, hired McClenny, Moseley, and Associates ("MMA") to file a lawsuit on her behalf, which lawsuit alleges damages to her property caused by both hurricanes. Plaintiff, through counsel alleged that Safeco Insurance insured the property during the relevant time period.

MMA was suspended from the practice of law in the Western District of Louisiana and was terminated as counsel for Plaintiff on November 1, 2023.[1] Plaintiff has not retained other counsel and is proceeding *pro se*.

---

[1] Doc. 15.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Safeco Insurance moves to dismiss this lawsuit with prejudice because the policy Plaintiff relies upon took effect on August 13, 2021, after both named storms. Plaintiff has not responded to the Motion to Dismiss and has not presented a policy issued by Safeco Insurance as to her claims concerning Hurricanes Laura and Delta.

Furthermore, Safeco Insurance has submitted the Declaration of Temple Fournier[2] which declares that Safeco Insurance did not issue a policy.  Safeco Insurance has also submitted a Policy issued by Safeco Insurance Company of America, an entirely different entity, that does insure Plaintiff's property, but took effect on August 13, 2021.[3]  Hence, Safeco Insurance argues that Plaintiff cannot state a claim against it for which relief can be granted.  Noting the absence of an opposition by Plaintiff, the Court agrees with Safeco Insurance here that Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons explained herein, the Court will grant Safeco Insurance Company of Oregon's Rule 12(b)(6) Motion to Dismiss (Doc. 17) and dismiss this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 25th day of March, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's exhibit A.
[3] *Id.*, ¶ 3, Defendant's exhibit A-1, Policy Declaration.